# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOSEPH ALLEN MAY, D.D.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-04157-NKL |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This is a case brought under 26 U.S.C. § 7431 by Plaintiff Joseph Allen May, D.D.S., *pro se*, who seeks damages and penalties from the Defendants for making allegedly unauthorized disclosures of his tax information as defined in 26 U.S.C. § 6103. The Defendants are the United States of America, the Internal Revenue Service, IRS Special Agent Joel Wilson, and Unknown IRS agents, as well as Melanie Moffat, an attorney. Moffat moves under Fed. R. Civ. P. 12(b)(6) for dismissal of the claims against her. Doc. 8. The motion is granted.

**I.   Background**

Plaintiff was formerly married to Anna Mae Pon May. Plaintiff alleges that in 2012, during the parties' dissolution proceeding, Mrs. May reported to the IRS that Plaintiff had forged her signature on a tax form. The IRS performed a criminal investigation, but nothing ultimately came of it.

Defendant Moffat represented Mrs. May in the dissolution. The substantive allegations against Moffat contained in the Complaint are set out here in their entirety:

> 18.   Defendant, Melanie Moffat, published part of the Plaintiff's 2014 tax return on August 27, 2015 where Melanie Moffat identified the document as part of the Plaintiff's tax return. This document contained tax return information as defined in 26 USC 6103 and appeared to be an unauthorized disclosure by this Defendant.

19. Cole County Circuit Court records of Jefferson City, Missouri revealed over 10 people requested copies of this document and such document remains unsealed at this date by the Cole county Circuit court.

20. SA Wilson and other agents refused to prosecute Defendant Melanie Moffat for making unauthorized disclosures of tax information as defined in 26 USC 6103.

\*\*\*

45. [] (a) There are over ten requests for copies of a pleading filed by Melanie Moffat where part of Plaintiff's 2014 tax return was attached to the pleading to degrade or demonize the Plaintiff in violation of Title 26 USC § 7431 (civil) and 7213….

\*\*\*

Doc. 1, pp. 4 and 11.

## II. Discussion

Moffat makes two arguments in support of her motion to dismiss for failure to state a claim. She argues that § 6103's prohibition against disclosure of a "return" does not apply to her because Plaintiff does not and cannot allege that she obtained the tax return from the IRS. She also argues that she is not within the class of persons to whom § 6103's prohibitions on disclosure apply. As discussed below, Moffat is entitled to dismissal based on the first argument, and the Court therefore need not address the second one.

For purposes of deciding a motion to dismiss for failure to state a claim, a court accepts the factual allegations contained in the complaint as true. *Eckert v. Titan Tire Corp.* 514 F.3d 801, 806 (8th Cir. 2008). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678). A complaint that offers labels, bare assertions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is insufficient to avoid dismissal. *Iqbal*, 556 U.S. at 678. *See also Schooley v. Kennedy,* 712 F.2d 372, 373 (8th Cir. 1983) ("Although *pro se* pleadings are to be construed liberally, *pro se* litigants are to not excused from compliance with relevant rules of the procedural and substantive law.").

### A. Sections 7431 and 6103

Section 7431 allows individuals to sue for civil damages if their tax return information was disclosed in violation of § 6103. Section 7431provides in relevant part:

> If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 …, such taxpayer may bring a civil action for damages against such person in a district court of the United States.

§ 7431(2). In turn, § 6103 provides in relevant part:

> Returns and return information shall be confidential, and except as authorized by this title—
>
> (1)   no officer or employee of the United States,
>
> (2)   no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(7)(A), any local child support enforcement agency, or any local agency administering a program listed in subsection (1)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and
>
> (3)   no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1) (D)(iii), paragraph (6), (10), (12), (16), (19), (20), or (21) of subsection (1), paragraph (2) or (4)(B) of subsection (m), or subsection (n), shall disclose any return or return information obtained by him in any manner in connection

with his service as such an officer or an employee or otherwise or under the provisions of this section.

§ 6103(a). A "return" is defined as:

[A]ny tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.

§ 6103(b)(1). "Return information" is similarly defined as:

[A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]

§ 6103(b)(2)(A).

### B. Moffat did not disclose a "return" for purposes of § 6103.

Section 6103 is "designed to protect the information flow between taxpayers and the IRS by controlling the disclosure by the IRS of information received from taxpayers." *Stokwitz v. United States*, 831 F.2d 893, 894 (9th Cir. 1987). Section 6103 does so by controlling the disclosure of "returns" and "return information," defined under the statute to cover materials filed with or received by the Secretary of the Treasury. *Id.* at 895-96 and n.3; § 6103(b)(1) and (2). "That is as far as the statute goes. [T]here is no indication ... that Congress intended to enact a general prohibition against public disclosure of tax information." *Id.* at 896. By way of example, *Stokwitz* involved a disclosure claim under § 6103 by a civilian attorney for the U.S. Navy. The attorney was accused of misconduct and escorted off the base. Without a warrant or

other authorization, the attorney's supervisees, supervisor, and another employee then searched the attorney's office and briefcase, and seized several items, including the attorney's personal copies of the federal and state tax returns that he had filed for the years 1982 and 1983. A Navy employee audited the returns, the returns were disclosed to various other Navy employees, and the attorney was then fired. He sued the United States, the Department of the Navy, and the Department of Justice under § 6103 for the disclosure of his tax returns. The Ninth Circuit held that the attorney had no remedy under § 6103, because his returns were not obtained directly or indirectly from the IRS. *Id.* at 897.

Moffat argues, among other things, that Plaintiff fails to allege in the Complaint that she obtained the tax return from the IRS, and she discusses *Stokwitz*. Doc. 9, pp. 3, 4-5. In his suggestions in opposition, Plaintiff does not specifically respond to Moffat's argument concerning the source of his tax return and how that affects his claim under § 6103, focusing instead on Plaintiff's second argument for dismissal, *i.e.,* that she is not within the class of persons to whom § 6103's prohibitions on disclosure apply. *See* Doc. 13, pp. 3-11. Plaintiff does state in his suggestions that Moffat obtained the tax return from him in the dissolution proceeding, pursuant to a state court order to produce all his tax returns for purposes of calculating child support obligations. Doc. 13, p. 9.

Although the allegations in a complaint are to be construed as true at the motion to dismiss stage, and *pro se* pleadings are to be construed liberally, the allegations in a *pro se* complaint must still be supported by some factual content. *See Iqbal*, 556 U.S. at 678, and *Schooley,* 712 F.2d 372, 373 (8th Cir. 1983). Here, Plaintiff simply alleges that the tax return Moffat publicly filed "contained tax return information as defined in 26 USC 6103." Plaintiff's bare allegation does not satisfy the low bar requiring that some factual content be pled.

Therefore, the Complaint does not state a claim against Moffat under § 6103 and must be dismissed.

The propriety of dismissal of the claim against Moffat at this early stage in the litigation is reinforced by Plaintiff's concession that he provided his tax return to Moffat. Section 6103 does not apply in the case of a return obtained from a source other than the IRS. *See Stokwitz*, 831 F.2d at 897; and *Ryan v. United States,* 74 F.3d 1161, 1163 (11th Cir. 1996) (holding that section 6103's definition of "return information" is confined to information that has passed through the IRS). *See also Commodity Futures Trading Comm'n v. Collins,* 997 F.2d 1230, 1233 (7th Cir. 1993) (Section 6103 "does not block access, through pretrial discovery or otherwise, to copies of tax returns in the possession of litigants; all it prevents is the IRS's sharing tax returns with other government agencies.... The subpoena is directed not at the returns, which remain safely locked in IRS's files, but at copies in the possession of the individual.").

In view of the foregoing, Moffat's second argument in support of dismissal need not be addressed.

**III. Conclusion**

Defendant Melanie Moffat's motion to dismiss the claims against her, Doc. 8, is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 16, 2017
Jefferson City, Missouri