# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOSEPH ALLEN MAY, D.D.S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-04157-NKL |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Joseph Allen May, D.D.S., *pro se*, asks the Court to reconsider its dismissal of his claims against Defendant Melanie Moffat. Doc. 21. The motion is denied.

May sued Moffat, a private attorney, under 26 U.S.C. § 7431 for making allegedly unauthorized disclosures of his tax information as defined in 26 U.S.C. § 6103, when Moffat had represented May's former wife in a dissolution proceeding. May alleged that in the course of that proceeding, Moffat publicly filed a document containing part of his 2014 federal income tax return, without his authorization. Moffat moved to dismiss May's claim under § 7431 on two, independent grounds: that she did not disclose a "return" as the term is defined under § 6103, and she is not a "person" as defined under § 6103.

The Court granted Moffat's motion to dismiss on the first ground and did not reach the second one. Doc. 18 (Order dated 10/16/2017). The Court held that § 6103 applied to the disclosure of tax returns or return information that was filed with the Internal Revenue Service and then disseminated from the IRS to certain persons identified in § 6103(a)(1)-(3) and disclosed by them. The Court held, "That is as far as the statute goes. [T]here is no indication ... that Congress intended to enact a general prohibition against public disclosure of tax

information." *Stokwitz v. United States*, 831 F.2d 893, 896 (9th Cir. 1987). The statute is simply "designed to protect the information flow between taxpayers and the IRS by controlling the disclosure by the IRS of information received from taxpayers." 831 F.2d at 894. Here, May's Complaint did not allege that Moffat had obtained his return from the IRS and then disclosed it. To the contrary, May admitted in his suggestions in opposition to Moffat's motion to dismiss that Moffat had obtained the tax return from May in the course of the dissolution proceeding, pursuant to a state court order to produce all of his tax returns for purposes of calculating child support obligations. Doc. 13, p. 9. Therefore, the Court granted Moffat's motion to dismiss for failure to state a claim.

In his motion to reconsider, May argues that *Stokwitz,* a case involving the forced search of a Naval attorney's briefcase and seizure of tax returns, and the Navy's disclosure of the returns to various personal, was inapplicable. In *Stokwitz*, the Ninth Circuit held that the attorney had no remedy under § 6103, because his returns were not obtained directly or indirectly from the IRS. 831 F.2d at 897. Regardless of the underlying facts of *Stokwitz,* the case's holding demonstrates how the prohibition on disclosure under the statute works. Other courts have similarly held that § 6103 does not apply to disclosure of returns obtained from persons or entities other than the IRS. *See Commodity Futures Trading Comm'n v. Collins*, 997 F.2d 1230, 1233 (7th Cir. 1993) ("[T]he statute does not block access, through pretrial discovery or otherwise, to copies of tax returns in the possession of litigants."); *Clode-Baker v. Cocke*, 2012 WL 1357023, at *2 (W.D. Tex. Apr. 16, 2012) (same, citing *Stokwitz,*) *report and recommendation approved,* 2012 WL 3570713 (W.D. Tex. July 2, 2012). *See also St. Regis Paper Co. v. United States*, 368 U.S. 208, 218-19 (1961) (holding that tax returns in the hands of the government are confidential but "copies in the hands of the taxpayer are held subject to

discovery"); and *United States v. Reynolds*, 2017 WL 680328, at *2 (N.D. Ill. Feb. 21, 2017) (same) (citing *St. Regis*, 368 U.S. at 218-19). Because Moffat obtained the tax return not from the IRS but from May, § 6103 does not apply to Moffat's alleged disclosure of the return and May fails to state a claim against her under § 7431. May cites no authority to the contrary in his motion to reconsider.

May further argues that he states a claim against Moffat because she is a "person" listed under § 6103(a), specifically, § 6103(l)(6), which authorizes disclosure of return information by the IRS to child support enforcement agencies, but only for the purpose of and to the extent necessary to establish and collect child support obligations. The Court did not decide in the dismissal order, and does not decide here, whether Moffat is a child support enforcement agency for purposes of § 6103(l)(6) because, as discussed above, May does not claim that Moffat obtained the tax return from the IRS. May's inability to establish that Moffat obtained the return from the IRS makes analysis of his "person" argument unnecessary, and the cases that he cites do not change the Court's conclusion. *See* Doc. 21 (citing *Clode-Baker v. Cocke*, 2012 WL 1357023, at *2 (W.D. Tex. Apr. 16, 2012), *report and recommendation* adopted, 2012 WL 3570713 (W.D. Tex. July 2, 2012), and *Manning v. Haggerty,* 2011 WL 4527818 (M.D. Pa. Sept. 28, 2011)).

In *Clode-Baker* 2012 WL 1357023, at *2, the plaintiff claimed that the defendant, her daughter in law, obtained the plaintiff's tax return information from the IRS and then disclosed it. The defendant moved to dismiss on the basis that she was a private individual who did not fall under any of the categories of persons listed under § 6103(a) who could be sued for an unauthorized disclosure. The district court pointed to *Stokwitz's* holding that § 6103 was "designed to curtail loose disclosure practices by the IRS" and that "there is no indication …that

Congress intended to enact a general prohibition against public disclosure of tax information." 2012 WL 1357023, at *2 (citing *Stokwitz,* 831 F.2d at 894 and 896)). The district court further explained that in § 6103, "'Congress set out to limit disclosure by persons who get tax returns in the course of public business—employees of the IRS, state employees to whom the IRS makes authorized disclosures, and private persons who obtain return information from the IRS with strings attached.'" *Id.* (quoting *Hrubec v. Nat'l R.R. Passenger Corp.,* 49 F.3d 1269, 1270 (7th Cir. 1995)). In turn, to state a claim against a private person, a plaintiff must demonstrate that the person falls into one of the specific categories listed under § 6103(a). *Id.* The court held that because the plaintiff had failed to identify any category applicable to the defendant, the claim for unauthorized disclosure must be dismissed. *Id.* at *3.

In other words, the court in *Clode-Baker* did not hold that a private person may be sued under § 7431 regardless of whether she obtained the tax return information from the IRS, so long as she falls under one of the categories listed under § 6103(a). *Clode-Baker* simply involved a private person who had obtained the tax information from the IRS prior to disclosing it, and the court proceeded to discuss how a claim may be stated against such a person. The court nevertheless acknowledged the threshold requirement to bring suit under § 7431—disclosure of a return or return information obtained from the IRS. 2012 WL 1357023, at *2-3 (citing *Stokwitz,* 831 F.2d at 894 and 896, and *Hrubec,* 49 F.3d at 1270). As discussed above, May cannot establish this requirement.

Similar to *Clode-Baker,* the other case that May cites, *Manning v. Haggerty,* 2011 WL 4527818 (M.D. Pa. Sept. 28, 2011), involved an allegation that the defendants obtained the plaintiff's information from the IRS. Specifically, the plaintiff claimed that the defendants opened her letters from the IRS about potential liens and tax liability, and then disclosed the

4

information without her permission. *Id.* at *1. The district court denied as futile the plaintiff's motion for leave to amend to add a count for unauthorized disclosure, because the defendants did not fall within any category of persons listed in § 6103. *Id.* at *5. The court did not hold that a private person may be sued under § 7431 regardless of whether she obtained the tax return information from the IRS.

May's "person" argument and the authority that he cites do not change the Court's conclusion that May's claim against Moffat must be dismissed because Moffat did not obtain the tax return from the IRS, and that § 7431 therefore does not apply to Moffat's alleged disclosure of the return.

In view of the foregoing, Plaintiff May's motion to reconsider, Doc. 21, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 15, 2017
Jefferson City, Missouri