# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| JOSEPH ALLEN MAY, D.D.S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-04157-NKL |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This is a case brought under 26 U.S.C. § 7431 by Plaintiff Joseph Allen May, D.D.S., *pro se*, who seeks damages from the Defendants for making allegedly unauthorized disclosures of his tax return information. Defendant United States of America has moved under Fed. R. Civ. P. 12(b)(6) to dismiss the claims against it, on the basis that the claims are untimely and that May has otherwise failed to state a claim that falls under the United States' waiver of sovereign immunity. Doc. 19. The United States further argues that the claims against the remaining Defendants, the Internal Revenue Service, IRS Special Agent Joel Wilson, and Unknown IRS Agents, should be dismissed because the United States is the only entity that may be sued under § 7431[1], and that May's request for non-monetary relief is not permitted under § 7431.

May moves for leave to file amended suggestions in opposition to the United States' motion to dismiss, and submitted his proposed amended suggestions with his motion for leave. Docs. 29 and 29-1.

May's motion for leave is granted. The United States' motion to dismiss is granted.

---

[1] The Court previously dismissed an unauthorized disclosure claim against another Defendant, Melanie Moffat, a private attorney. Doc. 18 (Order dated 10/16/2017). Moffat's alleged disclosure was separate from those which the governmental defendants allegedly made.

## I. Background[2]

May states that he "had a history of problems with the IRS for failure to file in 1992." Doc. 1 (Complaint) p. 3, ¶ 10.

He alleges that on April 7, 2014, Special Agent Wilson and another IRS agent came to his office "demanding that [he] stop his dental practice of treating patients for an unscheduled visit," read him a *Miranda* warning in front of his patients, told him that he was under criminal investigation, and issued IRS administrative subpoenas to his corporation. Doc. 1 (Complaint) p. 3, ¶ 13(a)-(d). May complied with the administrative subpoenas later in 2014. *Id.,* p. 4, ¶ 15.

May next alleges that "SA Wilson and other agents made unauthorized disclosures to individuals and persons in other United States agencies in violation of 26 U.S.C. § 7431." *Id.,* p. 3, ¶ 14.

Then, "[i]n 2015, SA Wilson issued Federal Grand Jury subpoenas to discover possible tax crimes by the Plaintiff." *Id.,* p. 3, ¶ 15. May states that he complied with the Grand Jury subpoenas in May of 2015. *Id.*

Finally, May alleges that "[a]round sometime in October 2016, an un-identified IRS Special Agent returned all of the Plaintiff's records which had been subpoenaed by the Federal Grand Jury as no crime could be found to support a federal indictment." *Id.,* p. 5, ¶ 21.

May filed his Complaint in this case on August 22, 2017. He seeks $1,000 per unauthorized disclosure, actual damages for lost business income, attorney fees, and punitive damages, as well as an order requiring the IRS to issue him a letter stating that he is no longer under criminal investigation for the tax years 2005 through 2016. *Id.,* p. 12.

---

[2] For purposes of deciding a Rule 12(b)(6) motion to dismiss, a court accepts the factual allegations contained in the complaint as true and construes them in the light most favorable to the plaintiff. *See Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008), and *Phipps v. F.D.I.C.,* 417 F.3d 1006, 1010 (8th Cir. 2005).

**II.     Discussion**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475 (1994) (citations omitted).  A waiver of sovereign immunity is strictly construed in favor of the United States, and the party bringing suit bears the burden of demonstrating waiver.  *Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006); *VS Ltd. P'ship v. HUD,* 235 F.3d 1109, 1112 (8th Cir. 2000); and *Murray v. Murray*, 558 F.2d 1340, 1341 (8th Cir. 1977).  If the party bringing suit fails to do so, then the claim must be dismissed. *United States v. Mitchell,* 445 U.S. 535, 538 (1980).   *See also United States v. Sherwood,* 312 U.S. 584, 586 (1941) (The terms of the United States' consent to suit "define [a] court's jurisdiction to entertain the suit.").

As discussed below, May has failed to demonstrate waiver, and his claims must be dismissed.

   **A.    The claims against the United States are untimely, or otherwise fail to state a claim falling under § 7431's waiver of sovereign immunity.**

Section 7431(d) provides that suit for unauthorized disclosure of tax return information may be brought "at any time within 2 years after the date of discovery by the plaintiff of the unauthorized … disclosure."  The "date of discovery" is the date when the plaintiff knows or reasonably should have known of the disclosure.  *Aloe Vera of America, Inc. v. United States,* 699 F.3d 1153, 1159 (9th Cir. 2012).  "Discovery" means not only the facts that a plaintiff actually knew, but the facts that a reasonably diligent plaintiff would have known.  *Id.* at 1159-60 (citing *Merck & Co. v. Reynolds,* 559 U.S. 633, 635 (2010)).

Furthermore, to sufficiently allege a claim under § 7431, a plaintiff must specify who made the disclosures, to whom the disclosures were made, what information was disclosed, the circumstances surrounding the disclosures, and the dates that the disclosures were made, or else

the allegations must be dismissed. *See Singh v. New York State Dep't of Taxation & Fin.*, 2011 WL 3273465, at *27 (W.D.N.Y. July 28, 2011), *report and recommendation adopted,* 865 F. Supp. 2d 344 (W.D.N.Y. 2011) (holding that the plaintiff failed to state a claim under § 7431, where the plaintiff failed to specify what documents and information were disclosed, when the alleged disclosures occurred, or to whom the disclosures were made); and *Joseph A. May v. United States,* 1992 U.S. Dist. LEXIS 16055, *5-6 (W.D. Mo. 1992) (Bartlett, J.) (holding that the plaintiff must "specifically allege who made the alleged disclosures, to whom they were made, the nature of the disclosures, the circumstances surrounding them, and the dates on which they were made", or suffer dismissal).

Conclusory allegations do not suffice to establish § 7431's waiver of sovereign immunity. *See Cryer v. United States,* 554 F.Supp.2d 642, 644–45 (W.D. La. 2008) (granting motion to dismiss § 7431 claim for failure to state a claim because conclusory allegations that special agents of the IRS criminal division made oral disclosures, to certain identified individuals and businesses, that the plaintiff was the subject of a criminal investigation were devoid of any detail or supporting factual basis); and *Chapin v. Hutton,* 1999 WL 550237, at * 8 (D. Id. June 22, 1999) (recommending § 7431 claims be dismissed for failure to state a claim where the plaintiff only alleged that the defendants had discussed the plaintiff's tax liabilities and other confidential matters with unauthorized persons and that such disclosures were not within a statutory exception, because such vague and conclusory statements were insufficient to permit the court to determine whether a violation actionable under § 7431 had occurred), *adopted in relevant part by* 1999 WL 1315643, at *4 (D. Id. Nov. 24, 1999). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to avoid dismissal).

May first alleges that IRS agents came to his office on April 7, 2014 and, in front of his patients, read him *Miranda* warnings, told him that he was under criminal investigation, and issued administrative subpoenas to his corporation. Any unauthorized disclosure that occurred on April 7, 2014 was discovered by May at that time because he was present. May did not file his Complaint until August 2017. Therefore, any claim under § 7431 is untimely because suit was filed more than two years after the incident.

To avoid the two-year deadline, May argues that he only realized financial damages when he filed his 2015 and 2016 tax returns which showed business losses and that he required discovery to discover the unauthorized disclosures. He also suggests that he could not have brought suit sooner because the government would have claimed that there was a pending criminal investigation. Doc. 25, p. 4, and Doc. 29-1, pp. 5-6 of 7. The date when May allegedly realized the extent of his financial damages, or when the government was no longer pursuing a criminal investigation, is not the date that triggers the two-year deadline under § 7431(d). Rather, § 7431(d) expressly provides that the two-year period begins to run "after the date of discovery by the plaintiff of the unauthorized inspection or disclosure." Section 7431(d) provides for no other determination of the filing deadline and the statute must be strictly construed in favor of the United States. *Snider,* 468 F.3d at 509. May knew of any allegedly unauthorized disclosures in connection with the April 7, 2014 incident because he was present at the time. The claim is therefore untimely.

May also alleges that Special Agent Wilson and other agents made unauthorized disclosures to "individuals and other persons in other United States agencies." Doc. 1, ¶ 14. This allegation is entirely conclusory. May has therefore failed to show that he meets § 7431's waiver. *See Iqbal,* 556 U.S. at 678; and *Cryer,* 554 F.Supp.2d at 644-45.

May also alleges that an agent issued Federal grand jury subpoenas in 2015, with which he had complied by May of 2015. May does not specify what the allegation was, to whom it was made, or when it was made. He therefore failed to carry his burden of establishing that he met § 7431's waiver. *See Singh*, 2011 WL 3273465, at *27; *May,* 1992 U.S. Dist. LEXIS 16055, *5-6; *Cryer,* 554 F.Supp.2d at 644–45; and *Chapin,* 1999 WL 550237, at * 8. In any event, May knew of the subpoenas no later than May of 2015 because he had responded to them by that time, which was more than two years before he filed his Complaint. Therefore, the claim concerning the grand jury subpoena fails to state a claim and is untimely.

May also alleges that "sometime in October 2016, an un-identified IRS Special Agent returned all of the Plaintiff's records which had been subpoenaed by the Federal Grand Jury as no crime could be found to support a federal indictment." Doc. 1, p. 5, ¶ 21. May fails to specify what information was disclosed to the agent or to whom the disclosure was made. He therefore fails to state a claim under § 7431. *See Singh*, 2011 WL 3273465, at *27; *May,* 1992 U.S. Dist. LEXIS 16055, *5-6; *Cryer,* 554 F.Supp.2d at 644–45; and *Chapin,* 1999 WL 550237, at * 8.

In his Suggestions in Opposition, May attempts to add a new fact:

> A Special Agent of the United States returned all of Plaintiff's corporate records on November 14, 2016 (Monday) at or about 3:15 PM stating the Criminal investigation was over to the Plaintiff and his secretary. This was the last known disclosure. If the Plaintiff's secretary had been confused over the criminal investigation, it was clear that the Plaintiff had been under criminal investigation which devastated the Plaintiff's dental practice….

Doc. 25, p. 3. This fact does not appear in the Complaint and May has not requested leave to amend it. The United States acknowledges that leave to amend a complaint should be freely given when justice so requires, but also points out that a court need not entertain futile

6

amendments to the pleadings. Doc. 28, p. 2 (citing, *inter alia,* Fed. R. Civ. P. 15(a) and *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218 225 (8th Cir 1994)). The November 14, 2016 incident would be insufficient to state a claim of unauthorized disclosure under § 7431, because the agent's alleged statement did not identify any return information and did not identify the subject of the investigation. The agent's statement revealed only that May's corporate records were part of a criminal investigation that had concluded. A witness' documents may lawfully be subpoenaed in the course of a criminal investigation, *see* Fed. R. Crim. P. 17(c), and logically, they may lawfully be returned. Furthermore, § 7431 does not prohibit an agent from stating that an investigation has concluded where the subject of the investigation is not identified. *See* § 6103(b)(2)(A) (defining return information as including information about "whether *the taxpayer's return* was, is being, or will be examined or subject to other investigation … or determination of the existence of liability…*of any person* under this title for … any fine, forfeiture, or offense") (emphasis added), and *Snider v. United States,* 468 F.3d 500, 507 (8th Cir. 2006) (holding that § 7431's prohibition on unauthorized disclosures is not violated where agents show their badges and identify themselves as criminal investigators as a necessary part of their investigation, but is violated where agents disclose the subject of their investigation).

May argues that "if his secretary had been confused over the criminal investigation, it was clear that the Plaintiff had been under criminal investigation." Doc. 25, p. 3. As discussed above, the agent did not identify the subject of the investigation, nor any return information. Moreover, if May's secretary had not been confused, *i.e.*, she already knew, then the agent did not "make known" to her that May was under criminal investigation. *See* § 6103(b)(8) (a disclosure is "the making known to any person in any manner whatever a return or return

information"). May's argument concerning the unpled November 14, 2016 incident does not demonstrate that he has a legally sufficient claim against the United States under § 7431.

In his proposed Amended Suggestions in Opposition, May attempts to add other new facts:

- Special Agent Joel Wilson went to various unknown individuals, businesses, and companies saying, Joseph May, D.D.S., the Plaintiff was under Criminal Investigation.

- Also, SA Joel Wilson sent off an unknown number of envelopes with his identifier as "Criminal Investigation" as the return address and the same on numerous subpoenas.

Doc. 29-1, p. 4. These facts do not appear in the Complaint and May has not moved for leave to amend it. Nonetheless, these additional facts do not state a legally sufficient, timely claim against the United States under § 7431 because May does not specify when the disclosures were made, the nature of and the circumstances surrounding the disclosures, nor to whom the disclosures were made. *See Singh*, 2011 WL 3273465, at *27; *May,* 1992 U.S. Dist. LEXIS 16055, *5-6; *Cryer,* 554 F.Supp.2d at 644–45; and *Chapin,* 1999 WL 550237, at * 8.

In view of the foregoing, all claims against the United States are dismissed.

**B.      Only the United States may be sued under § 7431(a)(1) for the government's allegedly unlawful disclosure of tax return information.**

In addition to the United States, May names as Defendants the IRS, Special Agent Wilson, and Unknown Government Agents. But by its plain language, § 7431(a)(1) provides for suit against only the United States for a governmental officer or employee's allegedly unlawful disclosure:

> If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer <u>may bring a civil action for</u>

<u>damages against the United States</u> in a district court of the United States.

(Emphasis added.) Individual agents may not be sued under the statute. *See Diamond v. United States*, 944 F.2d 431, 435 (8th Cir. 1991) (actions under § 7431 must be brought against the United States rather than against the individual IRS agent); and *Mid-South Music Corp. v. Kolak*, 756 F.2d 23, 25 (6th Cir. 1984) (the only proper defendant under § 7431(a)(1) is the United States; an individual employee is not a proper defendant). Therefore, Special Agent Wilson and the Unknown IRS Agents may not be sued under § 7431 for the alleged unlawful disclosures.

Furthermore, not only the United States but its agencies are entitled to sovereign immunity from suit absent a waiver. *Meyer,* 510 U.S. at 475. And as discussed above, the scope of a waiver must be strictly construed in favor of the sovereign. *Snider*, 468 F.3d at 509. Section 7431 does not, by its plain language, authorize suit against an agency of the United States, only against the United States. Therefore, the IRS may not be sued under § 7431.

May does not respond to the United States' argument concerning the limitation of the reach of § 7431 to the United States. In view of the foregoing, the United States is the only proper defendant under § 7431, and the claims against the IRS, IRS Special Agent Joel Wilson, and the Unknown IRS agents are dismissed.

**C. May's request for an order requiring the IRS to issue him a letter is precluded by sovereign immunity.**

In addition to payment of monetary relief, May asks the Court to order the IRS to issue him a letter stating that he is no longer under criminal investigation for the tax years 2005 through 2016. Nothing in § 7431 permits the Court to order the IRS to issue a letter, and § 7431's waiver must be strictly construed in favor of the sovereign. *See Snider*, 468 F.3d at 509. The request is therefore precluded by sovereign immunity.

### III. Conclusion

Plaintiff May's motion for leave to file amended suggestions in opposition to the United States' motion to dismiss, Doc. 29, is granted, and the Clerk shall file May's proposed amended suggestions, Doc. 29-1. Defendant United States of America's motion to dismiss, Doc. 19, is granted and all claims against the United States, the Internal Revenue Service, IRS Special Agent Joel Wilson, and Unknown IRS agents are dismissed.

                                                     s/ Nanette K. Laughrey
                                                     NANETTE K. LAUGHREY
                                                     United States District Judge

Dated:  December 15, 2017
Jefferson City, Missouri